**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION (DETROIT)**

Mazin K. Yaldo, MD

                              Plaintiff

                    v.

John Doe

                              Defendant

**COMPLAINT FOR TRADEMARK INFRINGEMENT,**

**UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, FALSE**

**ADVERTISING, PASSING OFF, AND UNJUST ENRICHMENT UNDER**

**FEDERAL, STATE AND COMMON LAW**

Mitchell M. Musial
Mitchell M. Musial II, PLLC
6960 Abbott Terrace
West Bloomfield, MI 48323
Telephone:    248-672-2000
Facsimile:    248-363-9404

Scott Yaldo
Yaldo Law, PLLC
30150 Telegraph Road
Suite #155
Bingham Farms, MI 48025
Telephone:    248-645-5300
Facsimile:    248-645-5301

*Attorneys for Plaintiff*

Plaintiff Dr. Mazin K. Yaldo ("Plaintiff") for his Complaint against Defendant John Doe ("Defendant") alleges:

## NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief arising out of Defendant's trademark infringement, unfair competition, false designation of origin, false advertising, passing off, and unjust enrichment under federal, state and common law as a result of Defendant's wrongful acts, including willful infringement of Plaintiff's rights in the trademark YALDO EYE CENTER.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).  Jurisdiction over the state law claims is conferred under 28 U.S.C. 1367(a) and principles of pendent jurisdiction.

3. This Court has personal jurisdiction over Defendant.  Defendant has purposely availed itself of the privilege of conducting business in this District through its Internet advertising campaign directed at Plaintiff.  Defendant has directed its advertising campaign, triggered upon a search for "Yaldo Eye Center", or variant thereof, at Plaintiff, a resident within the District, and has targeted Plaintiff's business in the District, by the unauthorized use of Plaintiff's YALDO EYE CENTER mark, or a confusingly similar variant thereof, in commerce, and making a misleading description or representation of fact likely to confuse or misrepresent consumers about Plaintiff's services in the form of

an apparent warning and communicating a broadcast to the public in general that places

the Plaintiff in a light that is highly offensive.  Defendant's paid advertisements are

accessible by Internet users throughout the country.  See screen shots of search results

from a search on the Google search engine at **Exhibits A** and **B**.  Defendant has used

Plaintiff's YALDO EYE CENTER mark, or a confusingly similar variation thereof,

without authorization or consent from Plaintiff.  As shown in the screen shot below,

Defendant has purchased sponsored advertisements at Google, and possibly other search

engines, that are triggered upon a search for "Yaldo Eye Center", "Dr. Mazin Yaldo"

"Dr. Yaldo" and "Mazin Yaldo" to generate a misleading advertisement "**Yaldo LASIK**

**Bankrupt**" and "**What You Should Know Before Considering Yaldo LASIK**"and link

to an article in Crain's Detroit Business.  Defendant's sponsored advertisement is

designed as if Crain's Detroit Business was sponsoring the advertisement.



4. Venue in this District is proper pursuant to 18 U.S.C. §§1391(b).  A substantial

portion of the activity about which Plaintiff complains has taken place in this District,

and the damages suffered by Plaintiff were suffered, at least in part, in this District.

5.  The unlawful acts committed by Defendant, as herein alleged, have been and

are, in whole or in part, conceived, carried out and made effective within this District. The interstate commerce described herein by Plaintiff is carried out in part in this District.

## THE PARTIES

6. Plaintiff Dr. Mazin K. Yaldo is an individual who resides at 2500 Comfort Ct, West Bloomfield, MI 48323

7. Plaintiff is informed and believes that Defendant is a competitor or agent of at least one competitor in the District at the time the infringement and wrongful acts complained of herein.   Upon information and belief, Defendant may still be found in this District.

## GENERAL ALLEGATIONS

### MAZIN YALDO'S ACTIVITIES AND PROPRIETARY RIGHTS

8. Since 1993, Plaintiff, Dr. Mazin Yaldo, has been providing vision correction services.  See the following page at Plaintiff's website:

http://www.yaldoeyecenter.com/history.html

9.       Since at least as early as December 1, 2001, Dr. Mazin Yaldo has widely advertised the mark and trade name YALDO EYE CENTER for vision correction services throughout the United States.  The YALDO EYE CENTER mark is used extensively in various advertising and promotional media, including the Internet, television, radio, printed media and signage.

10.  Dr. Mazin Yaldo possesses common law and federal trademark rights in the mark YALDO EYE CENTER, including exclusive rights under U.S. Registration No. 3,207,630 for "vision correction services, namely, eye examinations, evaluation and consultation in the field of vision correction, and treatment of vision disorders," as well as common law rights in the mark YALDO for vision correction services, collectively referred to herein as Plaintiff's Marks.  A copy of U.S. Registration No. 3,207,630  from the United States Patent and Trademark office is evidenced by **Exhibit C** attached.

11. U.S. Registration No.  3,207,630 constitutes prima facie evidence of Dr. Mazin Yaldo's exclusive rights to the YALDO EYE CENTER mark, Dr. Mazin Yaldo's exclusive right to use the mark in the United States, and the validity of the registration and mark.

12. Dr. Mazin Yaldo has established a substantial online presence through promotion of the YALDO EYE CENTER mark on the Internet.  An Internet search on a search engine such as Google for the phrase "yaldo eye center" reveals that at least the first 100 search results of roughly 7,220 pages refer EXCLUSIVELY to the clinics or companies licensed under the YALDO EYE CENTER mark.

13. As a result of the quality of Dr. Mazin Yaldo's services and the widespread promotion thereof under the YALDO EYE CENTER mark, Dr. Mazin Yaldo's services have met with substantial commercial success and widespread consumer recognition.  As a further result, the YALDO EYE CENTER mark is extensively known and has become a symbol of Dr. Mazin Yaldo, the quality of Dr. Mazin Yaldo's services, and his goodwill.

## **GOOGLE ADWORDS**

14.  Google.com ("Google") sells keyword-triggered advertising marketed as "AdWords."  By purchasing a word through Google AdWords, an advertiser may bid on a keyword.  When an Internet user enters a keyword into Google's search engine, the program generates links, known as "Sponsored Links," to a website, typically, the advertiser's websites. These "Sponsored Links" appear at the top and on the margins of the search results.  The "Sponsored Links" display in the search results pages are inconspicuous, confusing and ambiguous so it is not apparent whether the result is a sponsored link or a Google search result.

15. Google's trademark policy for its AdWords advertising program states "Advertisers are responsible for the keywords they choose to generate advertisements and the text that they choose to use in those advertisements."

16. According to Neilson Media Research, Google represents 65.2% of the internet search market.  See **Exhibit D** attached hereto.

## **DEFENDANT'S WRONGFUL ACTS**

17. Defendant is using without authorization, Plaintiff's Marks, or a confusingly similar variations thereof, in commerce as a keyword or keywords in Google's AdWords advertising program.  When a user enters "Yaldo Eye Center", "Dr. Mazin Yaldo", "Dr. Yaldo" or "Mazin Yaldo" as a search term in the Google search engine, an advertisement with an apparent warning about the Yaldo Eye Center and a link to an article on the CrainsDetroit.com website appears at the top of the page as the first search result.

18.  Upon information and belief, Defendant has purchased Plaintiff's Marks, or confusingly similar variations thereof, to trigger deceptive and misleading advertising. One such advertisement has the heading "**Yaldo Eye Center Bankrupt**" with a purported description of the article as: "**What You Should Know Before Considering Yaldo"** and a link to an article featured in Crain's Detroit Business about Dr. Mazin Yaldo's companies filing for chapter 11 protection.  An image of a search result from a Google search for "yaldo eye center" is attached hereto as **Exhibit E**.

19**.**  Defendant is using Plaintiff's Marks with the intent of directing consumers who are looking for the Yaldo Eye Center website to the article in Crain's Detroit Business.

20.  Through such advertising, Defendant is using the Plaintiff's Marks, or confusingly similar variations thereof, in connection with the services offered by Plaintiff.

21. Defendant's use of Plaintiff's Marks is clearly intended to cause confusion regarding the quality of services offered by Dr. Mazin Yaldo and deception about the source of the advertising.

22.  Defendant's advertising is deliberately designed to cause consumers to believe that the advertisement was sponsored by Crain's Detroit Business and that the apparent warning is coming from a credible news source rather than Defendant.

23.  These willful and deliberate infringing acts instituted by Defendant with the intent of urging consumers to reconsider their choice of vision correction services are likely to cause confusion as to approval of Dr. Mazin Yaldo's services and commercial activities.

24.  Defendant, in addition to using, without authorization, Plaintiff's Marks to trigger the sponsored advertisement, has used and is also using Plaintiff's Marks, or confusingly similar variations thereof, in the sponsored advertisement itself.

25. Defendant uses the Plaintiff's Marks in the heading of the sponsored advertisement with the intent of deceiving consumers about the quality of the vision correction services provided by the Plaintiff.   Defendant uses the phrase "**What You Should Know Before Considering Yaldo,**" and other variations thereof, to falsely suggest that the article in Crain's Detroit Business reveals a legitimate concern about the quality of the vision correction services provided by Dr. Mazin Yaldo and or the Yaldo Eye Center.

26.  Defendant uses Plaintiff's Marks, or a confusingly similar variation thereof, to trigger deceptive and misleading advertising and a link to direct consumers who are looking for the Yaldo Eye Center website to the article located at the CrainsDetroit.com website.  This false and deceptive advertising is designed to create initial interest confusion – to capture a consumer's attention in the hope of distracting the consumer from their initial search objective.

27.  Defendant has used Plaintiff's Marks in connection with false and misleading representations of fact in commercial advertising and promotion and intentionally misrepresents the quality of services provided by the Yaldo Eye Center.  For example, as shown in the below screen shot, when "yaldo eye center" is entered into the search box, a link to CrainsDetroit.com website appears as the first result at the top of the page, with the "Sponsored Links" indicator inconspicuously located off to the right. On October 9, 2008, the following sponsored links appeared:



28.  On or about October 9, 2008, Dr. Mazin Yaldo discovered that Defendant had purchased sponsored advertisements from Google for Plaintiff's Marks, or confusingly similar variations thereof, to trigger advertising and a link to the CrainsDetroit.com website.

29.  Such infringing activity was immediately brought to the attention of Google by Plaintiff's outside counsel.  A copy of the letter is attached hereto as **Exhibit F**.   After which Google agreed to remove YALDO EYE CENTER from the ad text.  A copy of Google's email response is attached hereto as **Exhibit G**.

30.  In December of 2008, notwithstanding Plaintiff's letter to Google asserting Plaintiff's trademark rights in the YALDO EYE CENTER mark, Plaintiff discovered that Defendant resolved to continue the infringing activity.

31.  Defendant, being on notice that Plaintiff has asserted his trademark rights, continued the infringing activity by modifying the caption to read "**Yaldo LASIK Bankrupt**" and "**What You Should Know Before Considering Yaldo LASIK,**" as examples.    Defendant has knowledge of Plaintiff's trademark rights and therefore Defendant has intentionally and knowingly infringed and has done so with demonstrated malice and in bad faith.

32.  Defendant's use of colorable imitations of Plaintiff's Marks is part of a deliberate plan to cause injury to Plaintiff's business and damage Plaintiff's goodwill.

33.  Defendant clearly plans to be a recipient of Plaintiff's lost business through this scheme of false advertising and unfair competition.

34. The infringing activity was again immediately brought to the attention of Google by Plaintiff's outside counsel. A copy of the letter is attached hereto as **Exhibit H**.

35.  Goggle refused to remove this ad, claiming YALDO is an unregistered surname.   A copy of Google's email response is attached hereto as **Exhibit I**.  Google's response is surprising, given that the heading and description of Defendant's sponsored advertisement is confusingly similar to the YALDO EYE CENTER mark and describes services that fall within those described in U.S. Registration No.  3,207,630.

36. On November 30, 2009, the infringing advertisement appeared as it did in December of 2008.  An image of a search result from a Google search for "yaldo eye center" on November 30, 2009 is attached hereto as **Exhibit J**.

37.  On October 24, 2008, the infringing sponsored advertisement was brought to the attention of Crain's Detroit Business by Jim Balistreri, Plaintiffs' advertizing agent.

38.  In response, Mary Kramer, published for Crain's Detroit Business, suggested that the sponsored advertisement appears to be the work of a competitor using their content and further noted that the phrase **"What you should know before considering Yaldo"** was never part of Crain's story.  See the email message attached hereto as **Exhibit K**.

39.  Defendant has used and uses Plaintiff's Marks, or confusingly similar variations thereof, so as to suggest that Crain's Detroit Business has purchased the sponsored advertisement.

40. Defendant has purchased the sponsored advertisement with the intent of deceiving consumers who are searching for the Yaldo Eye Center website into believing that Crain's Detroit Business is offering a warning about the quality of services offered by Dr. Mazin Yaldo and or the Yaldo Eye Center.

41.  Defendant has intentionally misrepresented the article appearing in Crain's Detroit Business, suggesting Crain's Detroit Business is issuing a warning about the quality of the vision correction services provided by Dr. Mazin Yaldo and or the Yaldo Eye Center.

42.  Defendant has used and is using Plaintiff's Marks, or confusingly similar variations thereof,  in connection with false and misleading representations of fact in commercial advertising, misrepresenting the quality of services rendered by Dr. Mazin Yaldo and or the Yaldo Eye Center.

43. Defendant's inherently deceptive actions are specifically aimed at diverting web users who are expressly looking for the Yaldo Eye Center website.  The use of the headline "**Yaldo LASIK Bankrupt**" and apparent warning from Crain's Detroit

Business "**What You Should Know Before Considering Yaldo LASIK**" in reference to the article is certain to cause initial interest confusion to the point where the consumer may seek an alternate supplier of vision correction services, causing irreparable harm to Plaintiff.  Plaintiff's companies have long since exited Chapter 11 reorganization.

44.  Upon information and belief, Defendant has been unjustly enriched by being the recipient of business from consumers who were mislead about the quality of services rendered by Dr. Mazin Yaldo and or the Yaldo Eye Center as a result of Defendant's false and deceptive advertising.

44.  Defendant's action dilutes the ability of Plaintiff to use the YALDO EYE CENTER mark and YALDO mark as a source of services. Furthermore, Defendant's unauthorized use of the YALDO EYE CENTER mark and YALDO mark impairs Mazin Yaldo's honest and good faith efforts to promote and sell his services.

45.  Defendant's broadcast to the public of the article appearing in Crain's Detroit Business about the Yaldo Eye Center and or Dr. Mazin Yaldo is highly offensive and Defendant did so with knowledge that Defendant's description of the article in Crain's Detroit Business was false and that Defendant would deliberately place Plaintiff in a light that is highly offensive.

46.  Defendant's infringing activities continue, as evidenced by a screen shot prepared on April 12, 2010, that shows the sponsored advertisement purchased by Defendant that is triggered upon a search for the "yaldo eye center".  An image of a search result from a Google search for "yaldo eye center" on April 12, 2010 is attached hereto as **Exhibit L**.

## INJURY TO MAZIN YALDO AND THE PUBLIC

47.  Defendant's unauthorized use of Plaintiff's Marks has and will continue to irreparably injure Dr. Mazin Yaldo by confusing customers, diverting sales, and diluting the distinctiveness of the YALDO EYE CENTER mark and the YALDO mark. If permitted to continue, Defendant's use of the Plaintiff's Marks will continue to irreparably injure Dr. Mazin Yaldo, the YALDO EYE CENTER mark and the YALDO mark, the reputation and goodwill associated therewith, Dr. Mazin Yaldo's reputation for exceedingly high-quality services, and the public interest in being free from confusion, mistake or deception.

48.  Defendant's use of Plaintiff's Marks has caused and will continue to cause confusion, mistake or deception as to the source or origin of the advertisement linked to the article in Crain's Detroit Business and is likely to falsely suggest a sponsorship, connection, license, endorsement or association of Crain's Detroit Business with the misleading headline and warning with regard to Dr. Mazin Yaldo's services, thereby injuring Dr. Mazin Yaldo and the public.

49. Defendant's use of colorable imitations of the YALDO EYE CENTER mark is part of a deliberate plan to tarnish Mazin Yaldo's goodwill and otherwise unfairly compete with Mazin Yaldo and benefit therefrom. Defendant knew of Dr. Mazin Yaldo's tremendous success and the YALDO EYE CENTER mark and the YALDO mark and intentionally engaged in trademark infringement with full knowledge of Dr. Mazin Yaldo's rights and in violation of those rights after notice.

## COUNT I

Federal Trademark Infringement
Violation of 15 USC § 1114

50. Dr. Mazin Yaldo incorporates by reference the allegations of Paragraphs 1-49 of this Complaint.

51. Dr. Mazin Yaldo is exclusive licensee of the YALDO EYE CENTER mark, U.S. Registration No. 3,207,630 for "vision correction services, namely, eye examinations, evaluation and consultation in the field of vision correction, and treatment of vision disorders."

52.  The unauthorized appropriation and use by Defendant in commerce of the YALDO EYE CENTER mark in connection with advertising is likely to cause confusion, mistake, or deception and thus infringes Dr. Mazin Yaldo's rights in its federally registered marks under 15 U.S.C. § 1114.  Defendant's actions have been carried out in willful disregard of Dr. Mazin Yaldo's  rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53. Defendant's unlawful acts dilute the value of the YALDO EYE CENTER mark and constitute trademark infringement in violation of 15 U.S.C. §1114.

54. Upon information and belief, Defendant's conduct as described above has been willful and in total disregard for Dr. Mazin Yaldo's rights.

55.  Dr. Mazin Yaldo's has been, and absent injunctive relief will continue to be,

irreparably harmed by Defendant's aforesaid actions, and has further suffered monetary

damages in an amount to be determined at trial.

56.  Dr. Mazin Yaldo has no adequate remedy at law.

## COUNT II

Federal Unfair Competition, False Designation of Origin, Passing Off,
and False Advertising
Violation of 15 USC § 1125(a)

57. Dr. Mazin Yaldo incorporates by reference the allegations of Paragraphs 1-56

of this Complaint.

58.  Defendant has used the YALDO EYE CENTER mark and YALDO mark in

connection with false and misleading descriptions or representations of fact in

commercial advertising or promotion concerning Dr. Mazin Yaldo's services thereby

misrepresenting the nature, characteristics, and qualities of Dr. Mazin Yaldo's services or

commercial activities as well as the content of the article Defendant references at Crain's

Detroit Business.   This false advertising is directly targeting those consumers searching

for information on The Yaldo Eye Center and or Dr. Mazin Yaldo and actually or tends

to deceive those consumers searching for The Yaldo Eye Center and or Dr. Mazin Yaldo.

The deception fashioned by Defendant, triggered by Plaintiff's Marks, as if the paid

advertisements originate from Crain's Detroit Business, would influence the deceived

consumer's purchasing decisions.  Defendant's deliberate conduct is directly related to

the harm suffered by Plaintiff and thus constitutes false advertising.

59. The unauthorized use in commerce by Defendant of the YALDO EYE

CENTER mark and YALDO mark in connection with sponsored advertisements directed

at the business of Dr. Mazin Yaldo is likely to cause the public to be confused, mistaken or deceived as to Defendant's affiliation, connection or association with Crain's Detroit Business as to the origin, sponsorship, or approval of the paid advertisements by Crain's Detroit Business.

60. Defendant's unlawful acts are causing irreparable injury to Dr. Mazin Yaldo, for which there is no adequate remedy at law, and will continue to do so unless Defendant's use of Dr. Mazin Yaldo's Marks, and variations thereof, is enjoined by this Court.

61. Upon information and belief, the appropriation of Dr. Mazin Yaldo's Marks by Defendant as set forth above is part of a deliberate plan to use the valuable goodwill created by Dr. Mazin Yaldo. With knowledge of Dr. Mazin Yaldo's rights and with the intention to unfairly benefit from Dr. Mazin Yaldo's goodwill, the actions of Defendant have been carried out in willful and in total disregard of Dr. Mazin Yaldo's rights.

62. Defendant's unlawful actions constitute trademark infringement, false designation of origin, passing off, unfair competition and false advertising and is likely to cause the YALDO EYE CENTER mark and YALDO mark to lose their significance as indicators of origin in violation of 15 U.S.C. §1125(a).

63. Dr. Mazin Yaldo is entitled to Defendant's profits resulting from those actions, the damages caused to Dr. Mazin Yaldo as a result of those actions, the costs of this action, and reasonable attorneys' fees in accordance with 15 U.S.C. §1117.

## COUNT III

Common Law Unfair Competition, Misappropriation
and Trademark Infringement

64. Dr. Mazin Yaldo incorporates by reference the allegations of Paragraphs 1 - 63.

65. By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Defendant continues to misappropriate the valuable goodwill of the YALDO EYE CENTER mark and the YALDO mark, to infringe Dr. Mazin Yaldo's rights therein, and to unfairly compete with Dr. Mazin Yaldo under the common law and the laws of Michigan. Defendant's use of Dr. Mazin Yaldo's Marks in triggering the sponsored advertisements, in the sponsored advertisements and in the false and misleading advertising constitutes an unfair trade practice under Michigan Consumer Protection Act, M.C.L. § 445.903 *et seq*. Defendant's use of the YALDO EYE CENTER mark is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused and is causing injury to Mazin Yaldo and consumers.

66. Upon information and belief, Defendant has willfully engaged in the deceptive trade practices complained of herein.

67. Dr. Mazin Yaldo has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's aforesaid actions, and has further suffered monetary damages in an amount to be determined at trial.

68. Dr. Mazin Yaldo has no adequate remedy at law.


## **COUNT IV**

### Unjust Enrichment

69.  Dr. Mazin Yaldo incorporates by reference the allegations of Paragraphs 1 - 68.

70.  Defendant is being unjustly enriched by receiving a benefit from Dr. Mazin Yaldo.

71.  An inequity results to the damage and irreparable harm of Dr. Mazin Yaldo because of the retention of the benefit by Defendant.

**COUNT V**

State Unfair Competition
Violation of M.C.L. § 445.903 *et seq.*

72.  Dr. Mazin Yaldo incorporates by reference the allegations of Paragraphs 1 - 71.

73.  By its aforesaid conduct calculated to increase business and profits by deceiving and confusing members of the public, Defendant continues to misappropriate the valuable goodwill of the YALDO EYE CENTER mark and the YALDO mark, to infringe Dr. Mazin Yaldo's rights therein, and to unfairly compete with Dr. Mazin Yaldo under the common law and the laws of Michigan. Defendant's use of Dr. Mazin Yaldo's Marks in triggering the sponsored advertisements, in the sponsored advertisements and in the false and misleading advertising constitutes an unfair trade practice under Michigan Consumer Protection Act, M.C.L. § 445.903 *et seq*. Defendant has represented that the sponsored advertisement has sponsorship, approval, status, affiliation, or connection which it does not have.  Defendant is disparaging the services, business, and reputation of Dr, Mazin Yaldo by false or misleading representation of fact.  Defendant has failed to

- 18 -

reveal a material fact, that Defendant is a competitor of Dr. Mazin Yaldo and that the sponsored advertising was not purchased by Crain's Detroit Business, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.   Defendant's use of the YALDO EYE CENTER mark is an unfair or deceptive method of competition occurring in trade or commerce that impacts the public interest and has caused and is causing injury to Mazin Yaldo and consumers.

74. Upon information and belief, Defendant has willfully engaged in the deceptive trade practices complained of herein.

75. Dr. Mazin Yaldo has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's aforesaid actions, and has further suffered monetary damages in an amount to be determined at trial.

76. Dr. Mazin Yaldo has no adequate remedy at law.


### COUNT VI

False Light

77.  Dr. Mazin Yaldo incorporates by reference the allegations of Paragraphs 1 - 76.


78. Through the aforementioned scheme of sponsored advertisements, Defendant has broadcast to any consumers searching for Dr. Mazin Yaldo's website a communication that there is some legitimate concern about the services offered by Dr. Mazin Yaldo and or the Yaldo Eye Center.  Defendant has done so with knowledge of the false nature of the message in the advertising and the resulting false light in which Dr.

Mazin Yaldo would be placed.   Defendant has engaged in false and misleading advertising with full knowledge that being the subject of such advertising would be highly offensive to a reasonable person.  Defendant makes the paid advertisement appear as if it is sponsored by Crain's Detroit Business.  Defendant's publication has attributed beliefs and characteristics to Dr. Mazin Yaldo that are false and place Dr. Mazin Yaldo in a false position.

79. Dr. Mazin Yaldo has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant's aforesaid actions, and has further suffered monetary damages in an amount to be determined at trial.

80. Dr. Mazin Yaldo has no adequate remedy at law.

**DEMAND FOR RELIEF**

WHEREFORE, Dr. Mazin Yaldo requests that this Court enter judgment in his favor on each and every claim for relief set forth above and award him relief including, but not limited to, the following:

A. That the YALDO EYE CENTER mark is valid, enforceable and violated by Defendant and that Defendant has violated and is violating other relevant federal and state laws and regulations;

B. That Defendant, Defendant's affiliates, agents, servants, employees, attorneys, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from:

1. Further infringement of the YALDO EYE CENTER mark and the YALDO mark and from unfairly competing with Dr. Mazin Yaldo; from using any variation of Dr. Mazin Yaldo's Marks and any other marks or names that are confusingly similar to or that dilute the distinctiveness of those proprietary materials, including but not limited to use as domain names, trademarks, services marks, business names, meta tags, sponsored advertisement triggers, other identifiers, keywords or other terms used to attract or divert traffic on the Internet or to secure higher placement within search engine search results; and

2. Advertising by any means whatsoever, directly or indirectly, by use of Dr. Mazin Yaldo's Marks, or any confusingly similar variants thereof, advertising by any means whatsoever, directly or indirectly, by including Dr. Mazin Yaldo's Marks, or any confusingly similar variants thereof, in the advertisement, advertising by any means whatsoever, by linking to or referencing in any way, any publication referring to or

relating to Dr. Mazin Yaldo or any companies owned by Dr. Mazin Yaldo;

C. That Defendant willfully violated Dr. Mazin Yaldo's rights;

D.  That Defendant be required to pay to Dr. Mazin Yaldo punitive and exemplary

damages;

E. That Defendant be required to pay to Dr. Mazin Yaldo damages according to

proof, together with prejudgment interest thereon, as Dr. Mazin Yaldo's has sustained as

a consequence of Defendant's wrongful acts, and to account for and return Dr. Mazin

Yaldo any monies, profits and advantages wrongfully gained by Defendant;

F. That this case is "exceptional" in the sense of 15 U.S.C. §1117(a);

G. That an award of Mazin Yaldo's damages trebled, or alternatively, that an award of

Defendant's wrongful profits trebled, whichever is greater, plus Dr. Mazin Yaldo's costs

and attorneys' fees pursuant to 15 U.S.C. § 1117;

 H. That Defendant be required to pay to Dr. Mazin Yaldo all attorney fees,

expenses and costs incurred in this action;

I. That an Order be issued directing Defendant to file with this Court and serve on Dr.

Mazin Yaldo's attorneys, within thirty (30) days after the date of entry of any injunction,

a report in writing and under oath setting forth in detail the manner and form in which

Defendant has complied with the injunction; and

J. That Dr. Mazin Yaldo be granted such further relief as this Court may deem

appropriate.

Respectfully submitted,

By:_____/S Mitchell M. Musial _____

       Mitchell M. Musial  (P5859)
       Mitchell M. Musial II, PLLC
       6960 Abbott Terrace,
       West Bloomfield, MI 48323
       (248) 672-2000
       Email: MMusial@MMMPLLC.com

By:_____/S with consent of Scott Yaldo _____

       Scott Yaldo  (51245)
       Yaldo Law, PLLC
       30150 Telegraph Road
       Suite #155
       Bingham Farms, MI 48025
       248-645-5300
       Email: ScottYaldo@aol.com

Mitchell M. Musial
Mitchell M. Musial II, PLLC
6960 Abbott Terrace
West Bloomfield, MI 48323
Telephone:    248-672-2000
Facsimile:    248-363-9404

Scott Yaldo
Yaldo Law, PLLC
30150 Telegraph Road
Suite #155
Bingham Farms, MI 48025
Telephone:    248-645-5300
Facsimile:    248-645-5301

Dated:  May 10, 2010

*Attorneys for Plaintiff*

## **VERIFICATION**

The above facts and statements are true to the best of knowledge and belief.

Mazin Yaldo